**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**BATESVILLE DIVISION**

FIREMAN'S FUND INSURANCE COMPANY                                      PLAINTIFFS
and MEDICAL LIABILITY MUTUAL INSURANCE
COMPANY f/k/a HEALTHCARE UNDERWRITERS'
MUTUAL INSURANCE COMPANY

v.                                        No. 1:08CV00056 JLH

CARE MANAGEMENT, INC. d/b/a
SOUTHWEST NURSING HOMES,
SOUTHWEST NURSING HOMES, INC.; and
HEALTH CARE ORGANIZATIONS, INC.                                      DEFENDANTS

## CERTIFICATION ORDER

Now on this 15th day of June, 2009, pursuant to Rule 6-8 of the Rules of the Supreme Court

of the State of Arkansas, this Court certifies to the Supreme Court of Arkansas a question of law that

may be determinative of this case and as to which it appears there is no controlling precedent in the

decisions of the Supreme Court of Arkansas.

## I.

## QUESTION OF LAW TO BE ANSWERED

When an insurance policy requires the insured to give notice of a claim as soon as practicable

and the insured fails to give the insurer notice of the claim as soon as practicable, must the insurer

prove that it was prejudiced by the failure to give timely notice in order to avoid coverage?

## II.

## UNDISPUTED FACTS RELEVANT TO THE QUESTION

In 2000, Fireman's Fund issued a healthcare facility liability insurance policy to Southwest

Nursing Home, Inc., policy #HPC 2938333, which was in full force and effect from June 30, 2000,

until June 30, 2001.  Subsequently, an endorsement to the policy was executed changing the named insured under the policy from Southwest Nursing Home, Inc., to Care Management, Inc. d/b/a Southwest Nursing Homes.  Fireman's Fund and Healthcare Underwriters Mutual Insurance Company had entered into agreements in July 1999 whereby obligations under the policy were transferred from Fireman's Fund to Healthcare Underwriters Mutual.  Around July 19, 2001, Healthcare Underwriters Mutual changed its name to Medical Liability Mutual Insurance Company.

On June 15, 2006, Carol Henson, individually and as special administratrix of the estate of Mamie Denton on behalf of its beneficiaries, commenced a wrongful death action in Pulaski County Circuit Court against Care Management, Inc. d/b/a Southwest Nursing Homes, Southwest Nursing Homes, Inc., and Health Care Organizations, Inc.  The complaint alleged that Denton sustained multiple injuries, including wrongful death, as a result of medical malpractice, negligence, outrage, violations of the Arkansas Resident Rights statute, violations of the Arkansas Deceptive Trade Practices Act, and violations of numerous federal regulations and state statutes constituting "violation of consumer protection laws, and victimizing of the elderly and disabled."  The complaint sought judgment against all defendants, jointly and severally, for all general and special compensatory damages caused by their conduct, punitive damages, costs, attorneys' fees, and all other relief to which the plaintiff was entitled.

On September 26, 2008, Ed Oglesby, attorney for the defendants, wrote a letter to Tim Celmins, a claims representative for Medical Liability Mutual, as well as two other insurers. Oglesby sent the letter to inquire about the possibility of coverage and included a copy of the June 15, 2006 complaint.  Before the September 26 letter, the defendants had never sent a copy of the complaint, summons, or given any notice of the lawsuit or claim of the Denton estate to

Fireman's Fund or Medical Liability Mutual.  Thus, the estate commenced the lawsuit on June 15, 2006, but there was no notice to Fireman's Fund or Medical Liability Mutual until more than two years later, when Oglesby sent the letter to Celmins on September 26, 2008.  The letter advised that the case was scheduled for final hearing on October 7, 2008.  The same day, Oglesby sent a letter to Linda Lee, assistant to Hon. Marion A. Humphrey, who was presiding over the action.  Oglesby informed Lee that he had been retained by the defendants in that case to locate insurance coverage for the plaintiffs' claims, that he understood that the matter was scheduled for final hearing on October 7, and that he did not know whether coverage existed for the claims, but that if the case was heard on October 7 the insurance companies would have an absolute defense to payment based on lack of notice and noncooperation.

On October 1, 2008, Oglesby wrote a second letter to Tim Celmins advising that Fireman's Fund policy #2938333 was in effect through June 30, 2001, and that it was an occurrence policy. Oglesby included a copy of the complaint with the letter and stated that "demand is hereby made for defense and indemnity under this policy."  On October 15, Oglesby wrote a letter to Brooks White, attorney in this matter for Fireman's Fund and Medical Liability Mutual as well as Bill Lambright at Brown & Brown Insurance.  He enclosed his previous communication with Tim Celmins and explained that he was attempting to determine whether any of the policies would cover the claims of Denton's estate.

The policy at issue in this case provides:

**B.       DUTIES IN THE EVENT OF A CLAIM**

Duties In Event of Claim.  In the event a **claim** is made against any **insured**, or you have knowledge of a potential **claim**, you must see to it that the following duties are performed:

- immediately record the details of the **claim** (or potential **claim**), and the date the **claim** was received by the **insured**;
- notify us in writing as soon as practicable at the following address . . . ;
- immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the **claim**;
- provide us with information at our request and cooperate with us in the handling of the **claim**;
- assist us, at our request, in enforcing every right of recovery against any person or organization which may be liable to the **insured**; and
- do nothing to prejudice any rights of recovery that may exist.

*   *   *

**K.      LEGAL ACTION AGAINST US**

No person or organization has a right under this policy: to join us as a party or otherwise bring us into a suit asking for damages from an **insured**; or to sue us on this policy unless all of its terms have been fully complied with. . . .

**III.**

**THE PROCEDURAL HISTORY OF THIS CASE**

On October 29, 2008, Fireman's Fund and Medical Liability Mutual brought this action for declaratory judgment with respect to the claim made by Southwest and Health Care Organizations under policy #2938333.  On November 24, 2008, Fireman's Fund and Medical Liability Mutual moved for summary judgment, arguing that since the defendants had not complied with a condition precedent in the policy to provide notice of a suit or claim, they were entitled to summary judgment. On November 25, 2008, the estate moved to dismiss the action pending in Pulaski County Circuit Court, without prejudice, and the motion was granted that same day.

The defendants have argued that the plaintiffs' action for declaratory judgment is moot because they seek a declaration that they owe no coverage with respect to a lawsuit that has been dismissed without prejudice.  Therefore, according to the defendants, there is no controversy between the plaintiffs and defendants and the motion for summary judgment is moot. *See Haden*

4

*v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) ("When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." (quoting *Beck v. Missouri State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir 1994))).   The plaintiffs responded that if the defendants' argument is accepted, the result is that the relevant notice provisions of a liability insurance policy can be circumvented by a claimant voluntarily dismissing a lawsuit in which the claim is asserted to subsequently re-file the lawsuit, even the next day.   To support their reasoning, the plaintiffs cite *Travelers Cas. & Sur. Co. v. Dormitory Authority-State of New York*, No. 07 Civ. 6915, 2008 WL 4755622 (S.D.N.Y. Oct. 29, 2008).   In a similar situation in that case, the court observed:

> Travelers and Trataros, however, point to no authority for their contention that they can somehow be absolved of their failure to comply with an insurance policy's notice of suit provision simply because that suit is subsequently dismissed without prejudice to being refiled, and then is refiled.   Having delayed unreasonably in giving Great American notice of the August 2004 third-party complaint, Travelers and Trataros do not get a "do-over" to give timely notice simply because the same claims have been refiled in the instant action after settlement efforts failed.

*Id.* at *3.

Even though the estate currently has no action pending against the defendants, a claim has been made against the insured, and the question of whether the notice provisions of the policy were complied with applies equally to whether there was notice of a lawsuit or a claim.   Therefore, there has not been such a change in circumstances as to render this action moot, so this Court has jurisdiction over this case.

**IV.**

**THE ISSUE IN THIS CASE AND WHY THE
ARKANSAS SUPREME COURT SHOULD DECIDE IT**

The policy required notice as soon as practicable and made that notice.  A long line of opinions from the Eighth Circuit and the district courts interpreting Arkansas law have held that language substantially similar to the language in the policy in this case "makes the giving of notice a condition precedent to coverage under the policy." *AIG Centennial Ins. Co. v. Fraley-Landers*, 450 F.3d 761, 765 (8th Cir. 2006); *see also Kimbrell*, 207 F.3d at 536-37; *Homebank of Ark. v. Kansas Bankers Sur. Co.*, No. 4:06CV001670, 2008 WL 2704670, at *5 (E.D. Ark. July 7, 2008); *State Farm Fire & Cas. Co. v. Michael*, 822 F. Supp. 575, 577, 579-80 (W.D. Ark. 1993); *Hartford Accident & Indem. Co. v. Loyd*, 173 F. Supp. 711 (W.D. Ark. 1959); *M.F.A. Mut. Ins. Co. v. Mullin*, 156 F. Supp. 445, 448, 460-61 (W.D. Ark. 1957).

The defendants argue that the notice that was provided two years after the lawsuit substantially complied with the notice requirement of the policy because it took the defendants such a long time to sort out their multiple insurance policies and investigate.  However, in similar cases, courts applying Arkansas law have determined that delays of six months and eight months were failures to comply with the notice requirements under those policies. *See Kimbrell*, 207 F. 3d at 537; *Loyd*, 173 F. Supp. at 10-11.  The defendants identify several circumstances to explain why they think a delay of over two years should be considered substantial compliance.  First, they say  that there were multiple insurance policies that took significant time to investigate.  According to Mr. Sampson's affidavit, the defendants also had difficulty finding records due to their reorganization.  He also says that the fact that the plaintiffs' names had changed made it difficult to determine who was responsible

for coverage, but the plaintiffs point out that the address provided in the policy to which notices should be sent never changed.  The defendants cite *American Fidelity & Casualty Company, Inc. v. Northeast Arkansas Bus Lines, Inc.*, 201 Ark. 622, 146 S.W.2d 165 (1941) for the proposition that delayed notice met the requirement of substantial compliance.  However, in that case, notice to the insurance company was delayed only five months, not two years as in this case.  In *Home Life & Accident Co. v. Beckner*, 168 Ark. 283, 270 S.W. 529 (1925), the Arkansas Supreme Court held that an insured's failure to notify the insurer of the occurrence of an injury one year, seven months, and two days after its date was "an unreasonable and inexcusable delay," and that failure to notify the insurer of a law suit against the insured for a period of ten months was also an unreasonable delay. *Id.* at 290, 270 S.W. at 532.  Even given the circumstances the defendants outlined in this case, a delay of more than two years in providing notice of a lawsuit is an unreasonable delay and is not substantial compliance as a matter of law.  Therefore, this Court has determined that the policy at issue included a condition precedent for the insured to provide notice of a claim, and the insured in this case did not comply with that condition precedent.

The line of opinions from the Eighth Circuit and the district courts interpreting Arkansas law also hold that the "failure to fulfill a condition precedent discharges the obligations of the insurer, even if the insurer cannot demonstrate that it has suffered any prejudice from the lack of notice." *Fraley-Landers*, 450 F.3d at 765.  However, the most the most recent opinion from the Eighth Circuit recognizes some conflicting Arkansas cases on this issue.  *Id.* at 765-68.  In that opinion, the Eighth Circuit explained:

> The [conflicting] line of cases suggests that in Arkansas, a "condition precedent" is
> not a condition precedent, even when it is explicitly defined as one by an insurance
> policy.  This is inconsistent with the definition of a condition precedent, and also with

> a number of later opinions from the Arkansas courts recognizing the enforceability of
> conditions precedent in insurance contracts.

*Id.* at 767.  The Eighth Circuit went on to hold that Arkansas law does not require the insurer to make

a showing of prejudice when the insured fails to give notice of loss, and the giving of notice was a

condition precedent of coverage.  *Id.*  However, the Eighth Circuit also observed that "[w]hile we are

satisfied with this outcome, we confess that the state of Arkansas law on the subject leaves room for

doubt," and that other jurisdictions require a showing of prejudice in a case in which notice was not

provided.  *Id.*  Therefore, the issue is whether Arkansas law as it stands today requires a showing of

prejudice by the insurer when the insured failed to give the insurer timely notice of a claim if the

giving of timely notice was made a condition precedent to coverage.

This United States District Court is, therefore, presented with an undecided or uncertain

question of Arkansas law that may be determinative of this case.  This Court is bound to follow the

Eighth Circuit, but that court has expressed doubt as to whether it has correctly interpreted Arkansas

law and has noted that contrary authority exists in the decisions of the Arkansas Supreme Court.

Accordingly, pursuant to Rule 6-8 of the Rules of the Supreme Court of the State of Arkansas, this

Court certifies the following question of law to the Arkansas Supreme Court:

> When an insurance policy requires the insured to give notice of a claim as soon as
> practicable and the insured fails to give the insurer notice of the claim as soon as
> practicable, must the insurer prove that it was prejudiced by the failure to give timely
> notice in order to avoid coverage?

## V.

## REFORMULATION OF THE QUESTION

The United States District Court hereby acknowledges that the Arkansas Supreme Court,

acting as the receiving court, may reformulate the question presented.

8

## VI.

## COUNSEL OF RECORD AND PARTIES

The attorneys of record in the case pending before this Court are as follows:

Attorneys for the plaintiffs, Fireman's Fund Insurance Company and Medical Liability Mutual

Insurance Company:

| | |
|---|---|
| H. William Allen | Brooks Christopher White |
| Allen Law Firm | Allen Law Firm |
| Centre Place | Centre Place |
| 212 Center St. Suite 950 | 212 Center St. Suite 950 |
| Little Rock, AR 72201 | Little Rock, AR 72201 |
| (501) 374-7100 | (501) 374-7100 |

Attorney for the defendants, Care Management, Inc., Southwest Nursing Homes, Inc., and

Health Care Organization, Inc.:

Edward T. Oglesby
Oglesby Law Firm P.A.
100 Morgan Keegan Drive Suite 100
Little Rock, AR 72202
(501) 664-1000

## VII.

The Clerk of the Court is hereby directed to forward this Certification Order to the Supreme

Court of Arkansas under his official seal.

IT IS SO ORDERED this 15th day of June, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

9