# SUPREME COURT OF ARKANSAS
No. 09-662

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY AND MEDICAL LIABILITY MUTUAL INSURANCE COMPANY F/K/A/ HEALTHCARE UNDERWRITERS' MUTUAL INSURANCE COMPANY,<br>PETITIONERS,<br><br>VS.<br><br>CARE MANAGEMENT, INC. D/B/A SOUTHWEST NURSING HOMES, SOUTHWEST NURSING HOMES, INC., AND HEALTH CARE ORGANIZATIONS, INC.,<br>RESPONDENTS, | Opinion Delivered JUNE 25, 2009<br><br>REQUEST TO CERTIFY QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS (BATESVILLE DIVISION)<br><br><u>CERTIFIED QUESTION ACCEPTED.</u> |

**PER CURIAM**

In accordance with section 2(D)(3) of Amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas, Judge J. Leon Holmes, of the United States District Court for the Eastern District of Arkansas, filed a motion and certifying order with our clerk on June 17, 2009. The certifying court requests that we answer one question of Arkansas law that may be determinative of a cause now pending in the certifying court, and it appears to the certifying court that there is no controlling precedent in the decisions of the Arkansas Supreme Court. The law in question involves whether an insurer must prove prejudice in order to avoid coverage where the insured failed to give notice in accordance with the terms of the insurance policy.

After a review of the certifying court's analysis and explanation of the need for this court to answer the question of law presently pending in that court, we accept certification of the following question:

> When an insurance policy requires the insured to give notice of a claim as soon as practicable and the insured fails to give the insurer notice of the claim as soon as practicable, must the insurer prove that it was prejudiced by the failure to give timely notice in order to avoid coverage?

This per curiam order constitutes notice of our acceptance of the certification of question of law. For purposes of the pending proceeding in this court, the following requirements are imposed:

> A. Time limits under Ark. Sup. Ct. R. 4-4 will be calculated from the date of this per curiam order accepting certification. The plaintiffs in the underlying action, Fireman's Fund Insurance Company and Medical Liability Mutual Insurance Company, f/k/a Healthcare Underwriters' Mutual Insurance Company, are designated the moving parties and will be denoted as the "Petitioners," and their brief is due thirty days from the date of this per curiam; the defendants, Care Management, Inc. d/b/a Southwest Nursing Homes, Southwest Nursing Homes, Inc., and Health Care Organizations, Inc., shall be denoted as the "Respondents," and their brief shall be due thirty days after the filing of Petitioners' brief. Petitioners may file a reply brief within fifteen days after Respondents' brief is filed.

> B. The briefs shall comply with this court's rules as in other cases except for the briefs' content. Only the following items required in Ark. Sup. Ct. R. 4-2(a) shall be included:

> (3) Point on appeal which shall correspond to the certified question of law to be answered in the federal district court's certification order.

> (4) Table of authorities.

> (6) Statement of the case which shall correspond to the facts relevant to the certified question of law as stated in the federal district court's certification order.

(7) Argument.

(8) Addendum, if necessary and appropriate.

(9) Cover for briefs.

C. Oral argument will only be permitted if this court concludes that it will be helpful for presentation of the issue.

D. Ark. Sup. Ct. R. 4-6 with respect to amicus curiae briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioners and Respondents.

Certified Question Accepted.