# SUPREME COURT OF ARKANSAS

### No. 09-662

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY AND MEDICAL LIABILITY MUTUAL INSURANCE COMPANY F/K/A HEALTHCARE UNDERWRITERS' MUTUAL INSURANCE COMPANY,<br><br>APPELLANT,<br><br>VS.<br><br>CARE MANAGEMENT, INC. D/B/A/ SOUTHWEST NURSING HOMES, SOUTHWEST NURSING HOMES, INC., AND HEALTH CARE ORGANIZATIONS, INC.,<br><br>APPELLEE, | **Opinion Delivered** March 4, 2010<br><br>CERTIFICATION OF QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS, BATESVILLE DIVISION, THE HONORABLE J. LEON HOLMES, UNITED STATES DISTRICT JUDGE<br><br>CERTIFIED QUESTION ANSWERED. |

### RONALD L. SHEFFIELD, Associate Justice

This case involves a single question of law certified to this court by the United States District Court for the Eastern District of Arkansas on June 15, 2009, in accordance with Arkansas Supreme Court Rule 6-8 (2009), and accepted by this court on June 25, 2009. *See Fireman's Fund Ins. Co. v. Care Mgmt., Inc.*, 2009 Ark. 381, ____ S.W.3d ____ (per curiam). The question certified is the following:

> When an insurance policy requires the insured to give notice of a claim as soon as practicable and the insured fails to give the insurer notice of the claim as soon as practicable, must the insurer prove that it was prejudiced by the failure to give timely notice in order to avoid coverage?

To provide the clearest answer to this question, it is necessary, pursuant to our authority as articulated in Arkansas Supreme Court Rule 6-8(c)(1)(C) (2009), for us to reformulate the question thus:

> When an insurance policy provides that the giving of notice of a claim as soon as practicable is a condition precedent to recovery, and the insured fails to give the insurer notice of the claim as soon as practicable, must the insurer prove that it was prejudiced by the failure to give timely notice in order to avoid coverage?

We conclude that the answer is no.

According to the district court's certification order, in 2000, Petitioner Fireman's Fund Insurance Company issued a healthcare facility liability insurance policy to Respondent Southwest Nursing Home, Inc., which was in full force and effect from June 30, 2000, until June 30, 2001. Subsequently, an endorsement to the policy was executed changing the named insured under the policy from Southwest Nursing Home, Inc., to Care Management, Inc. d/b/a Southwest Nursing Homes. Fireman's Fund and Healthcare Underwriters Mutual Insurance Company had entered into agreements in July 1999 whereby obligations under the policy were transferred from Fireman's Fund to Healthcare Underwriters Mutual. Around July 19, 2001, Healthcare Underwriters Mutual changed its name to Medical Liability Mutual Insurance Company (MLMIC).

The relevant provisions of this insurance policy provide,

## B. DUTIES IN THE EVENT OF A CLAIM

*Duties in Event of Claim.* In the event a **claim** is made against any **insured**, or you have knowledge of a potential **claim**, you must see to it that the following duties are performed:

Immediately record the details of the **claim** (or potential **claim**), and the date the **claim** was received by the **insured**;

Notify us in writing as soon as practicable at the following address . . . ;

Immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the **claim**;

Provides us with information at our request and cooperate with us in the handling of the claim;

Assist us, at our request, in enforcing every right of recovery against any person or organization which may be liable to the **insured**; and

Do nothing to prejudice any rights of recovery that may exist. . . .

## K. LEGAL ACTION AGAINST US

No person or organization has a right under this policy: to join us as a party or otherwise bring us into a suit asking for damages from an **insured**; or to sue us on this policy unless all of its terms have been fully complied with . . . .

On June 15, 2006, Carol Henson, individually and as special administratrix of the estate of Mamie Denton on behalf of its beneficiaries, commenced a wrongful-death action in Pulaski County Circuit Court against Respondents Care Management, Inc. d/b/a Southwest Nursing Homes, Southwest Nursing Homes, Inc., and Health Care Organizations, Inc. The complaint alleged that Denton sustained multiple injuries, including wrongful death, as a result of medical malpractice, negligence, outrage, violations of the Arkansas Residents' Rights Act, violations of the Arkansas Deceptive Trade Practices Act, and violations of

numerous federal regulations and state statutes constituting a "violation of consumer protection laws, and victimizing of the elderly and disabled." The complaint sought judgment against all Respondents, jointly and severally, for all general and special compensatory damages caused by their conduct, punitive damages, costs, attorneys' fees, and all other relief to which the plaintiff was entitled.

On September 26, 2008, the attorney for Respondents, Ed Oglesby, wrote a letter to a claims representative for MLMIC, Ted Celmins, as well as to two other insurance companies, inquiring about the possibility of insurance coverage. He also included a copy of the June 15, 2006 complaint, and informed Celmins that the case was scheduled for a final hearing on October 7, 2008. Though the lawsuit had been filed by the estate of Denton more than two years before, this communication was the first time that Respondents informed Petitioners about this lawsuit or the claim of the Denton estate. On September 26, 2008, Oglesby also informed the circuit court presiding over the case that he had been retained to investigate possible insurance coverage of the estate's claims, that he did not know whether any coverage existed, and that he thought the insurance companies would have an absolute defense to payment based on lack of notice and non-cooperation.

On October 1, 2008, Oglesby wrote another letter to Celmins advising him of the existence of the insurance policy at issue, and demanding defense and indemnity for the estate's claims. Oglesby wrote a third letter on October 15, 2008, to attorneys for Petitioners inquiring about possible insurance coverage for the estate's claims.

On October 29, 2008, Petitioners filed an action for declaratory judgment against Respondents in the United States District Court for the Eastern District of Arkansas. On November 18, 2008, Respondents filed a counterclaim. On November 24, 2008, Petitioners filed a motion for summary judgment, arguing that since Respondents had not complied with a condition precedent in the policy to provide notice of a suit or claim, Petitioners were entitled to summary judgment. On November 25, 2008, the estate of Denton moved to dismiss the action pending in Pulaski County Circuit Court, without prejudice, and the motion was granted that same day.

We now turn to the certified question. In its certification order, the district court explained that there is a long line of cases where the Eighth Circuit has interpreted Arkansas law as holding that an insurance company need not show it was prejudiced by a delay in notice when notice is a condition precedent to an insured's recovery. However, while acknowledging this precedent, in its most recent decision, the Eighth Circuit noted that "the state of Arkansas law on the subject leaves room for doubt." *Fireman's Fund Ins. Co. v. Care Mgmt., Inc.*, slip op. at 4 (E.D. Ark. June 15, 2009) (*quoting AIG Centennial Ins. Co. v. Fraley-Landers*, 450 F.3d 761, 767 (8th Cir. 2006)). The district court thus concluded it was necessary to inquire of this court whether the Eighth Circuit had properly interpreted Arkansas law. This court now takes the opportunity to clarify whether an insurance company must show it was prejudiced by improper notice of a claim in order to be relieved of liability.

This court has applied the general rule, that where an insurance policy provides that the giving of notice of a loss, claim, or lawsuit is a condition precedent to recovery, the

insured must strictly comply with the notice requirement, or risk forfeiting the right to recover from the insurance company. The insurance company need not show that it was prejudiced by any delays in or lack of notification. However, if the notice provision is not a condition precedent, the insured does not automatically forfeit the right to recover. Instead, the insurance company must show that it was prejudiced by noncompliance with the terms of the policy. The insurance company may be prejudiced if the delay in notice was unreasonable.[1]

This court first considered notice as a condition precedent in insurance policies in *Teutonia Insurance Co. v. Johnson*, 72 Ark. 484, 82 S.W. 840 (1903). The insurance policy at issue in *Johnson* required the insured to give notice of loss due to fire to the insurance company within sixty days of the fire. The policy also stated that the insured could not bring action against the insurance company for recovery under the policy unless the insured had fully complied with the terms of the policy. In its opinion upon rehearing, the supreme court held that "the policy has such a [condition precedent] stipulation, which is to the effect that no suit or action is sustainable on the policy until all conditions are complied with, one of which is that such proofs shall have been filed within the time prescribed." *Id.* at 842. There was no discussion in *Johnson* of prejudice to the insurance company because the condition

---

[1] We acknowledge that many states are increasingly taking the more "modern approach" by requiring a showing of prejudice more frequently. *See Alcazar v. Hayes*, 982 S.W.2d 845 (Tenn. 1998). We decline at this time to overturn our long line of precedent. In Arkansas, a condition precedent is still a condition precedent.

precedent made forfeiture automatic when the insured failed to notify the insurance company properly.

Since *Johnson*, we have not required that an insurance company show that it was prejudiced by an insured's failure to comply with a notice requirement when such requirement was a condition precedent to recovery. *See, e.g., Myers v. Mut. of Omaha Ins. Co.*, 253 Ark. 135, 484 S.W.2d 879 (1972); *Am. Fid. & Cas. Co. v. Ne. Ark. Bus Lines, Inc.*, 201 Ark. 622, 146 S.W.2d 165 (1941); *Pac. Mut. Life Ins. Co. v. Butler*, 190 Ark. 282, 78 S.W.2d 813 (1935). Likewise, we have not required a showing of prejudice when the insured failed to comply with conditions precedent other than notice. *See, e.g., Vill. Mkt., Inc. v. State Farm Gen. Ins. Co.*, 333 Ark. 552, 970 S.W.2d 243 (1998) (holding that where the insured did not retain damaged property, as required by policy as a condition precedent to recovery, the insurance company was automatically entitled to summary judgment).

Further, that this court has consistently declined to require an insurance company show that it was prejudiced when notice is a condition precedent to recovery is reinforced by an examination of cases involving insurance polices in which notice was not a condition precedent. In *Hope Spoke Co. v. Maryland. Casualty Co.*, 102 Ark. 1, 143 S.W. 85 (1912), we found that since notice was not a condition precedent to recovery under the insurance policy, and the insurance company had not been prejudiced by the short delay in notice of the claim, the insured had not forfeited its right to recover from the insurance company. We differentiated the facts of *Hope Spoke* from cases where notice is a condition precedent thus: "failure to give notice within a specified time in accordance with the terms of the policy, does

not operate as a forfeiture of the right to recover, unless the policy in express terms or by necessary implication makes the giving of notice within a time specified a condition precedent to recovery." *Id.* at 87; *see also Home Life & Acc. Co. v. Beckner*, 168 Ark. 283, 270 S.W. 529 (confirming the holding of *Hope Spoke Co.*, but finding that the insured could not recover because the delay in notice was unreasonable and inexcusable, and therefore the insured had not complied with the terms of the policy); *Home Indem. Co. v. Banfield Bros. Packing Co.*, 188 Ark. 683, 67 S.W.2d 203, 206 (1934) ("The correct rule as announced in the Hope Spoke Co. Case is that, unless a stipulation constitutes a condition precedent and all rights under the policy are forfeited for failure to comply with it, an omission to comply therewith is not a defense to a suit on the policy, unless some injury resulted from such omission.").

As expressed by the Eighth Circuit in *Fraley-Landers*, *supra*, and by the district court upon certification of this question, the confusion over the state of Arkansas law on the issue of whether an insurance company must show it was prejudiced by improper notice has been caused by a recently-decided line of cases. In *Southern Farm Bureau Casualty Insurance Co. v. Robinson*, 236 Ark. 268, 365 S.W.2d 454 (1963), there was evidence that the insured automobile driver did not notify the insurance company of a lawsuit until four months after the suit was filed, even though the policy required the insured to provide written notice of any claims as soon as practicable. In holding that the insurance company could be held liable for the action, we found that the insurance company had received notice of the suit, and was not prejudiced by any delay since the insurance company had ample opportunity to investigate the case and interpose a defense, which the insurance company did. Likewise, in

*Kealy v. Lumbermen's Mutual Insurance Co. of Mansfield, Ohio*, 239 Ark. 766, 394 S.W.2d 629 (1965), we held that, even though the insured had not strictly complied with the notice provision of the insurance policy, the insurance company had received notice in ample time to defend against the suit and therefore it could not be relieved of liability. While they may have contributed to the confusion, these cases are actually consistent with our holding set out in this opinion. In both cases, the policies at issue required notice, but did not indicate that the giving of proper notice was a condition precedent to recovery. Therefore it was proper to require that the insurance company show prejudice.

On the other hand, in *Members Mutual Insurance Co. v. Benefield*, 255 Ark. 156, 499 S.W.2d 608 (1973), the policy at issue required not only that the insured provide notice of a claim or action, but also that the insured forward immediately to the insurance company any documents relevant to the suit, as a condition precedent to recovery. Though the insured notified the insurance company of the underlying suit, he failed to forward the summons. Finding that *Kealy, supra*, was controlling precedent, this court held that the insurance company could not escape liability since it had received notice of the filing of the suit in ample time to defend. However, this holding, that the insurance company had to show it was prejudiced by the insured's failure to comply with the contract even though notice was a condition precedent, is a clear departure from our precedent. To the extent that *Benefield* is in conflict with our opinion today, we overrule it.

Finally, both Respondents and the Eighth Circuit have given significant attention to *M. F. A. Mutual Insurance Co. v. White*, 232 Ark. 28, 334 S.W.2d 686 (1960). *White* is

applicable to the case before us to the extent that in both cases the underlying claim for which the insured sought indemnity was dismissed without prejudice. However the ultimate holding in *White* has no bearing on the certified question now before this court. *White* stands for the proposition that when a suit against an insured is dismissed without prejudice, the failure of the insured to properly notify the insurance company of that action cannot be a defense to the insurance company's liability if and when a subsequent suit is filed. The court reasoned that since the underlying suit was dismissed, the insured could not have breached the provision of the insurance policy requiring that the insured provide notice of the suit. *See also S. Sur. Co. v. Puryear-Meyer Grocery Co.*, 151 Ark. 480, 236 S.W. 841 (1922). However, we note that while *White* provides minimal guidance to this court in answering the question of prejudice, its holding is consistent with Arkansas law as laid out in this opinion. Under *White*, the dismissal of a suit constitutes a wiping of the slate—the duty of the insured to give notice of a suit is essentially reset. Yet, if the insured fails to timely notify the insurance company of a subsequent suit, and notice is a condition precedent to recovery, the insurance company need not show prejudice to be relieved of liability.

In sum, it is well-settled law in Arkansas that an insured must strictly comply with an insurance policy provision requiring timely notice where that provision is a condition precedent to recovery. Failure to do so constitutes a forfeiture of the right to recover from the insurance company, regardless of whether the insurance company was prejudiced by the failure. On the other hand, if notice is not a condition precedent, the insurance company must show it was prejudiced by any delay in notice in order to be relieved of liability.

Certified question answered.

RECEIVED
MAIL ROOM

MAR 24 2010

U.S. DISTRICT COURT
E. DIST. OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 24 2010

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

M A N D A T E

CERTIFIED QUESTION ANSWERED

STATE OF ARKANSAS
In the Supreme Court

Proceedings of March 4, 2010

09-662
FIREMAN'S FUND INSURANCE COMPANY
AND MEDICAL LIABILITY MUTUAL
INSURANCE COMPANY F/K/A
HEALTHCARE UNDERWRITERS' MUTUAL
INSURANCE COMPANY                                    PETITIONERS
v. an Original Action Petition from the United States
    District Court for the Eastern District of Arkansas
        (1:08CV00056 JLH)
CARE MANAGEMENT, INC. D/B/A
SOUTHWEST NURSING HOMES,
SOUTHWEST NURSING HOMES, INC., AND
HEALTH CARE ORGANIZATIONS, INC.                      RESPONDENTS

This certified question of law was submitted to the Arkansas Supreme Court as an original action petition from the United States District Court for the Eastern District of Arkansas and on briefs of the respective parties. After due consideration, it is the decision of the Court that the certified question is answered for the reasons set out in the attached opinion.

IN TESTIMONY, that the above is a true copy of the judgment of the Arkansas Supreme Court. I, Leslie W. Steen, Clerk, set my hand and affix the seal this 23rd day of March, A.D. 2010.

_____
Clerk