IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

FIREMAN'S FUND INSURANCE COMPANY                                         PLAINTIFFS
and MEDICAL LIABILITY MUTUAL
INSURANCE COMPANY f/k/a HEALTHCARE
UNDERWRITERS' MUTUAL INSURANCE COMPANY

v.                                    No. 1:08CV00056 JLH

CARE MANAGEMENT, INC. d/b/a
SOUTHWEST NURSING HOMES,
SOUTHWEST NURSING HOMES, INC., and
HEALTH CARE ORGANIZATIONS, INC.                                          DEFENDANTS

**OPINION AND ORDER**

Fireman's Fund Insurance Company and Medical Liability Mutual Insurance Company commenced this action for declaratory judgment against Care Management, Inc. doing business as Southwest Nursing Homes, Southwest Nursing Homes, Inc., and Health Care Organizations, Inc. This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. The parties filed cross-motions for summary judgment. After considering the plaintiffs' motion for summary judgment, this Court certified to the Supreme Court of Arkansas a question of law that it thought may be determinative of the case. The certified question has been answered, and the parties have renewed their summary judgment motions. For the following reasons, the plaintiffs' motion for summary judgment is granted, and the defendants' motion is denied.

**I.**

In 2000, Fireman's Fund issued a healthcare facility liability insurance policy to Southwest Nursing Home, Inc., policy #2938333, which was in full force and effect from June 30, 2000, until

June 30, 2001.  Subsequently, an endorsement to the policy was executed changing the named insured under the policy from Southwest Nursing Home, Inc. to Care Management, Inc. d/b/a Southwest Nursing Homes.  Fireman's Fund and Healthcare Underwriters Mutual Insurance Company had entered into agreements in July 1999 whereby obligations under the policy were transferred from Fireman's Fund to Healthcare Underwriters Mutual.  Around July 19, 2001, Healthcare Underwriters Mutual changed its name to Medical Liability Mutual Insurance Company.

On June 15, 2006, Carol Henson, individually and as special administratrix of the estate of Mamie Denton on behalf of its beneficiaries, filed a wrongful death complaint against Care Management, Inc. d/b/a Southwest Nursing Homes, Southwest Nursing Homes, Inc., and Health Care Organizations, Inc.  The complaint alleged that Denton sustained multiple injuries, including wrongful death, as a result of medical malpractice, negligence, outrage, violations of the Arkansas Resident Rights statute, violations of the Arkansas Deceptive Trade Practices Act, and violations of numerous federal regulations and state statutes constituting a "violation of consumer protection laws, and victimizing [] the elderly and disabled."  The complaint sought judgment against all defendants, jointly and severally, for all general and special compensatory damages caused by their conduct, punitive damages, costs, attorneys' fees, and all other relief to which the plaintiff was entitled.

On September 26, 2008, Ed Oglesby, attorney for the defendants, wrote a letter to Tim Celmins, a claims representative for Medical Liability Mutual, as well as two other insurers. Oglesby sent the letter to inquire about the possibility of coverage and included a copy of the June 15, 2006, complaint.  Before the September 26 letter, the defendants had never sent a copy of the complaint or summons or given any notice of the lawsuit or claim of the Denton estate to Fireman's Fund or Medical Liability Mutual.  The letter advised that the case was scheduled for final

hearing on October 7, 2008.  That same day, Oglesby sent a letter to Linda Lee, assistant to the Honorable Marion A. Humphrey, who was presiding over the lawsuit.  Oglesby informed Lee that he had been retained by the defendants in that case to locate insurance coverage for the estate's claims, that he understood that the matter was scheduled for final hearing on October 7, and that he did not know whether coverage existed for the claims, but that if the case was heard on October 7, the insurance companies would have an absolute defense to payment based on lack of notice and noncooperation.

On October 1, 2008, Oglesby wrote a second letter to Tim Celmins advising that Fireman's Fund policy #2938333 was in effect through June 30, 2001, and that it was an occurrence policy.  Oglesby included a copy of the complaint with the letter and stated that "demand is hereby made for defense and indemnity under this policy."  On October 15, 2008, Oglesby wrote a letter to Brooks White, attorney in this matter for Fireman's Fund and Medical Liability Mutual, as well as Bill Lambright at Brown & Brown Insurance.  He enclosed his previous communication with Tim Celmins and explained that he was attempting to determine whether any of the policies would cover the claims of Denton's estate.

The policy at issue in this case provides:

**B.  DUTIES IN THE EVENT OF A CLAIM**
*Duties in Event of Claim.*  In the event a **claim** is made against any **insured**, or you have knowledge of a potential **claim**, you must see to it that the following duties are performed:
    Immediately record the details of the **claim** (or potential **claim**), and the date the **claim** was received by the **insured**;
    Notify us in writing as soon as practicable at the following address . . . ;
    Immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the **claim**;
    Provide us with information at our request and cooperate with us in the handling of the **claim**;

>     Assist us, at our request, in enforcing every right of recovery against any person or organization which may be liable to the **insured**; and
>     Do nothing to prejudice any rights of recovery that may exist. . . .
>
>                     \*       \*       \*
>
> **K.  LEGAL ACTION AGAINST US**
> No person or organization has a right under this policy: to join us as a party or otherwise bring us into a suit asking for damages from an **insured**; or to sue us on this policy unless all of its terms have been fully complied with . . . .

The estate commenced the lawsuit on June 15, 2006, but there was no notice to Fireman's Fund or Medical Liability Mutual until over two years later, when Oglesby sent the letter to Celmins on September 26, 2008.  On October 29, 2008, Fireman's Fund and Medical Liability Mutual brought this action for declaratory judgment with respect to the claim made by Southwest and Health Care Organizations under policy #2938333.  On November 25, 2008, the estate moved to dismiss their lawsuit in Pulaski County Circuit Court without prejudice, and that motion was granted the same day.  The plaintiffs amended their complaint in this action to include the fact of the lawsuit's dismissal without prejudice on December 19, 2008.

## II.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005).  The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  If the moving party

meets its burden, the nonmoving party must "come forward with 'specific facts showing that there is a *genuine issue for trial.*' " *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1985) (quoting FED. R. CIV. P. 56(e)) (emphasis in original). A genuine issue exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.

### III.

This Court issued a Certification Order on June 15, 2009. The Order held that the plaintiffs' action for declaratory judgment was not moot even though the lawsuit brought by Denton's estate against the defendants had been dismissed. The Order also stated that the provision of the insurance policy at issue that requires the insured to notify the insurer of a claim as soon as practicable is a condition precedent to coverage, and the insured did not comply with that condition when it failed to notify the insurer of the estate's claim. This Court certified to the Supreme Court of Arkansas the following question: When an insurance policy requires the insured to give notice of a claim as soon as practicable and the insured fails to give the insurer notice of the claim as soon as practicable, must the insurer prove that it was prejudiced by the failure to give timely notice in order to avoid coverage?[1] On March 4, 2010, the Supreme Court of Arkansas issued an opinion in which it held that, if an insurance policy requires the insured to give notice of a claim as soon as practicable, and such requirement is a condition precedent to recovery, the insurer need not show prejudice to be relieved of liability when the condition is not met.

---

[1] While the certified question was pending, Denton's estate re-filed its lawsuit against the insured, and the plaintiffs were notified of the suit.

## IV.

The defendants argue that the plaintiffs are not entitled to a declaratory judgment because, although the defendants did not provide timely notice of the first lawsuit, which was dismissed without prejudice, the defendants did provide notice after the lawsuit was re-filed. In support of their argument, the defendants cite to the portion of the Arkansas Supreme Court's opinion affirming the holding of *M.F.A. Insurance Co. v. White*, 232 Ark. 28, 334 S.W.2d 686 (1960). According to the court, "[W]hen a suit against an insured is dismissed without prejudice, the failure of the insured to properly notify the insurance company of that action cannot be a defense to the insurance company's liability if and when a subsequent suit is filed." Document #37, at 10.

The plaintiffs point out that this Court already rejected a similar argument in the defendants' original summary judgment motion, in which the defendants alleged that the plaintiffs' claim was moot because the original underlying lawsuit had been dismissed without prejudice. In its Certification Order, the Court said, "Even though the estate currently has no action pending against the defendants, a claim has been made against the insured, and the question of whether the notice provisions of the policy were complied with applies equally to whether there was notice of a lawsuit or claim." Document # 20.

Furthermore, unlike the policy in *White*, the policy at issue here requires an insured to provide not only immediate notice of a lawsuit, but also of the details of any *claim or potential claim*. In their amended complaint, the plaintiffs seek "a declaratory judgment that there is no coverage under the Policy for the claim of the Estate of Denton and its wrongful death beneficiaries against Defendants, either as to Southwest of any other of the Defendants that may be insured under the policy . . . ." It is undisputed that the defendants did not provide notice of any claim or potential

claim with respect to Denton's estate until Oglesby provided notice on September 26, 2008, over two years after the estate's filed the first lawsuit. This Court has already determined that, in doing so, the insured failed to satisfy a condition precedent to coverage. Because this most recent lawsuit by Denton's estate involves the same claim or potential claim as the earlier suit, and the insurer was not notified as soon as practicable—i.e. when the insured first realized that Denton's estate might have a claim against them—the insured cannot be held liable.

## CONCLUSION

For the reasons listed above, the plaintiffs' motion for summary judgment is GRANTED and the defendants' motion for summary judgment is DENIED. Documents #30 and #34.

IT IS SO ORDERED this 6th day of April, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE